Gilbert McCULLOUGH,
Plaintiff-Appellant,

v.

The S/S COPPENAME,
Defendant-Appellee.

No. 77–1066.

United States Court of Appeals,
Fifth Circuit.

June 25, 1981.

Dan C. Garner, R. Lee McDaniel, New Orleans, La., for plaintiff-appellant.

William E. Wright, New Orleans, La., for defendant-appellee.

Before GODBOLD, Chief Judge, WISDOM and TJOFLAT, Circuit Judges.

**TJOFLAT, Circuit Judge:**

This negligence action comes to us on appeal from the district court's entry of summary judgment on behalf of the S/S Coppename. We remand the case for reconsideration in light of *Scindia Steam Navigation Co. v. Santos*, —— U.S. ——, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981).

## I

United Brands Company (United) is an independent stevedore operating in the Port of New Orleans, Louisiana.[1] On the evening of May 30, 1974, United employees loaded the vessel S/S Coppename; Gilbert McCullough, one of those employees, was injured while participating in that stevedoring activity.

We must view the facts allegedly surrounding McCullough's injury in the light most favorable to him, since he opposed the Coppename's motion for summary judgment below. A United crew was loading general cargo on the forward end of the upper 'tweendeck of the Coppename's number three hatch. The forward end of the hatch was closed, but the after end was open. United employees placed a safety net across the center of the hatch in order to prevent longshoremen working at the forward end from falling through the open after end. Wooden platforms, some of which had cracked and broken boards, covered the Coppename's steel deck. The United longshoremen unloaded and loaded cargo on top of these platforms. Prior to that evening, United crews had unloaded cargo that had been on the platforms atop the upper 'tweendeck.[2] On the evening in question, United longshoremen noticed the broken boards and observed that the lighting was not good. Nevertheless they proceeded to load the ship without correcting these poor working conditions or reporting them to their foreman. There is no evidence that any officer or crewman of the Coppename observed or supervised the loading operations.

The United longshoremen used small carts to transport cargo to the hatch. The carts sometimes struck broken boards in the platforms, and were thrown off balance, but no one did anything to prevent this from occurring.

Sometime after 8:00 p. m., the United longshoremen completed work in the forward end of the 'tweendeck and began loading cargo in the inshore wing. The inshore side of the open after end of the hatch was not covered by the safety net, but no one attempted to remedy this deficiency. McCullough pulled a loaded cart along the inshore side of the 'tweendeck; the cart struck a broken board on the platform and tipped over, knocking McCullough off balance. McCullough fell through the open after end of the hatch onto the deck below, sustaining the injuries that gave rise to this action.

In his complaint, McCullough alleged that the negligence of the officers and crew of the Coppename caused his injury. Following discovery, which developed the facts we have set forth, the Coppename moved for summary judgment, contending that McCullough's cause of action was barred by the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901–950 (1976).[3] The district court

---

1. McCullough has argued that United Brands Company owns the S/S Coppename, and thus is not an independent stevedore. The Coppename disputes this claim. McCullough, however, has failed to produce any evidence establishing an ownership relationship between United Brands Company and the Coppename. We must, therefore, treat United Brands Company as an independent stevedore.

2. The platforms were not installed by United personnel.

3. *But see* Section 5(b) of the Longshoremen's and Harbor Workers' Compensation Act which reads in pertinent part:

   In the event of injury to a person covered under this Act caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this Act, and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary

granted the Coppename's motion without announcing its reasons. *See* Fed.R.Civ.P. 56, 52(a).

## II

In *Gay v. Ocean Transport & Trading, Ltd.*, 546 F.2d 1233, 1238 (5th Cir. 1977), this circuit held that the sufficiency of a longshoreman's negligence claim against a shipowner must be evaluated under the land-based liability standards of sections 342, 343, and 343A of the Restatement (Second) of Torts (1965).[4] Rendered before *Gay*, the district court's opinion does not indicate whether it employed these standards in assessing the strength of McCullough's claim. It is now clear, however, that if the court did base its summary judgment upon the Restatement provisions, it was in error.

In *Scindia Steam Navigation Co. v. Santos*, —— U.S. ——, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981), the Supreme Court held that the Restatement formulations are not "sure guidance" in evaluating a longshoreman's negligence action against a vessel under section 5 of the Longshoremen's and Harbor Workers' Compensation Act.

shall be void.... The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this Act.
33 U.S.C. § 905(b) (1976).

4. Section 342:
Dangerous Conditions Known to Possessor
A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,
(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
(c) the licensees do not know or have reason to know of the condition and the risk involved.
Section 343: Dangerous Conditions Known to or Discoverable by Possessor.

[T]he legislative history does not refer to the Restatement and also states that land-based principles of assumption of risk and contributory negligence are not to be applied in § 905(b) cases. This strongly suggests, as *Kermarec v. Campagnie Generale Transatlantique*, 358 U.S. 625 [79 S.Ct. 406, 3 L.Ed.2d 550] (1959), indicated, that maritime negligence actions are not necessarily to be governed by principles applicable in non-maritime contexts. Furthermore, since the lower courts are not only in disagreement as to the applicability of §§ 343 and 343A but also as to their import and meaning when applied in the maritime context, those sections, while not irrelevant, do not furnish sure guidance in cases such as this.

*Scindia*, 101 S.Ct. at 1622 n. 14. Rather than adopting the Restatement, the Court mandated use of a " 'reasonable care under the circumstances of each case' " test, *id.* at 4407 n. 10 (quoting *Kermarec v. Campagnie Generale Transatlantique*, 358 U.S. 625, 632, 79 S.Ct. 406, 410, 3 L.Ed.2d 550 (1959)), and then went on to discuss the various inquiries essential to proper resolution of a longshoreman's negligence action against a ves-

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
(c) fails to exercise reasonable care to protect them against the danger.
Section 343A: Known or Obvious Dangers.
(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
(2) In determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated.

sel. *Scindia*, 101 S.Ct. at 1623, at 4409–4411. Because the success of McCullough's action must turn on application of this standard, and because it is for the district court initially to apply this standard in assessing the propriety of granting summary judgment, we remand this case for reconsideration in light of the opinion in *Scindia Steam Navigation Co. v. Santos*, —— U.S. ——, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981).

REMANDED, with instructions.